# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL PARKS, | : | CIVIL NO: 1:14-CV-01269 |
| Petitioner, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| B. CHAMBERS, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

**I. Introduction.**

The petitioner, Darrell Parks ("Parks"), claims that he was denied due process in connection with prison disciplinary proceedings, which, according to Parks, could affect his parole eligibility and ultimately increase the duration of his sentence. Because the Court lacks subject matter jurisdiction, we recommend that Parks' 28 U.S.C. § 2241 petition for a writ of habeas corpus be dismissed without prejudice to any right he may have to reassert his claims in a civil rights complaint under 42 U.S.C. § 1983.

**II. Procedural History and Background.**

Parks, a federal prisoner, formerly incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"),[1] filed his petition for

---

[1] Since the filing of his petition for a writ of habeas corpus, Parks was transferred to United States Penitentiary in Beaumont, Texas. *See doc. 8.*

a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 1, 2014, in the United States District Court for the Middle District of Pennsylvania.[2] *See doc. 1*.

The facts leading to Parks filing his petition are as follows. Parks was involved in an incident with a corrections officer during a search of his cell. *Doc.1* at 8. As a result, Parks appeared before one of USP-Lewisburg's Disciplinary Hearing Officers, and was disciplined for his conduct during the incident. *Id.* B. Chambers ("Chambers"), Parks' hearing officer and the respondent named in this petition, sanctioned Parks to thirty days of disciplinary segregation, and suspended his commissary, phone, and visiting privileges for six months. *Id.* at 2. Parks did not lose any good time credits as a result of the hearing. *Doc. 5-1* at 9. Additionally, USP-Lewisburg filed an incident report detailing Parks' conduct during the incident, and the disciplinary sanctions he received as a result of the hearing. *Id.* at 8.

In his petition, Parks alleges that the wrong evidentiary standard was used by Chambers, thereby denying him due process and affecting his "ability to demonstrate his innocence." *Id.* at 7. Parks further alleges that being denied due process caused him atypical and significant hardship, and "collateral consequences." *Id.* at 8. Parks pursues his due process claim via a habeas corpus

---

[2] Although it appears that Parks has exhausted his administrative remedies before filing his petition (*doc. 1* at 2-4, 9; *doc. 5* at 2 n.2), exhaustion is not in dispute in this case.

petition because he alleges that the incident report generated as a result of the hearing could affect his parole eligibility, and thus the duration of his sentence. *Id.* at 3; *doc.* 5 at 4. As a remedy Parks is seeking an injunction to have the incident report expunged, and evidence of the incident removed from his institutional record. *Doc. 1* at 9.

**III. Discussion.**

    **A. The Only Proper Respondent is Warden Jeff Thomas.**

The petition names "B. Chambers, Discipline Hearing Officer," as the respondent. *Doc.1*. Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus, or order to show cause, shall be directed to the petitioner's custodian. The warden of the prison where the petitioner is held is considered the custodian for purposes of a habeas action. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

At the time Parks filed his petition he was incarcerated at USP-Lewisburg. Chambers is a Discipline Hearing Officer at that penitentiary, not the warden. Therefore, Parks improperly named Chambers in his petition for a writ of habeas corpus. The only proper respondent is James Thomas, the Warden of USP-Lewisburg.

    **B. The Court Lacks Subject Matter Jurisdiction Over Parks' Petition**

28 U.S.C. § 2241 "confers habeas jurisdiction [to the Court] to hear the petition of a federal prisoner who is challenging not the validity but the execution

of his sentence." *Gonzelez v. Zickenfoose*, No. 3:CV-13-2716, 2014 U.S. Dist. LEXIS 8222, at *1-2 (M.D. Pa. Jan. 23, 2014) (quoting *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010)). However, "the fact that a prisoner's success in the litigation *might increase* the chance for early release does not, in itself, transform the action into one for habeas corpus." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (emphasis added). Rather, "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." *McGee*, 627 F.3d at 933. The Third Circuit has established that a challenge to a disciplinary action that resulted in the loss of good time credits is actionable pursuant to § 2241 because it affects the duration of a petitioner's sentence. *Gonzelez*, 2014 U.S. Dist. LEXIS 8222, at *2 (citing *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam)).

This Court lacks subject matter jurisdiction over Parks' petition because he fails to make a cognizable due process claim; specifically, the disciplinary sanctions he received do not implicate any liberty interest that is protected by the Due Process Clause. *See Gonzelez*, 2014 U.S. Dist. LEXIS 8222, at *6. In order to raise a due process claim, a petitioner must first identify the liberty interest that has been violated. *Id.* (citing *Wilkinson v. Austin*, 545 U.S. 209, 221(2005)). Prisoners enjoy the protections of the Due Process Clause only when the disciplinary action they receive results in the loss of good time credits or when a

sanction "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Gonzelez*, 2014 U.S. Dist. LEXIS 8222, at *6-7 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

In the petition (*doc. 1*), Parks does not allege that he lost any good time credits as a result of the disciplinary hearing. A declaration (*doc. 5-1* at 3) and copy of Parks' chronological disciplinary history record (*doc. 5-1* at 9) from the Bureau of Prisons confirms that Parks did not lose any good time credits. Additionally, the declaration and chronological disciplinary history record show that the disciplinary sanctions that Parks received, resulted only in temporary disciplinary segregation, and temporary loss of commissary, visitation, and telephone privileges, none of which implicate a protected liberty interest as they do not result in any atypical and significant hardship in relation to the ordinary incidents of prison life. *See, e.g.*, *Gray v. Holt*, No. 1:11-CV-1278, 2011 U.S. Dist. LEXIS 115456, at *7 (M.D. Pa. Oct. 6, 2011) (temporary disciplinary segregation); *Santos v. Bureau of Prisons*, No. 1:05-cv-008, 2006 U.S. Dist. LEXIS 16092, at *6-8 (M.D. Pa. Mar. 20, 2006) (citing *Sandin*, 515 U.S. at 484); *Gonzelez*, 2014 U.S. Dist. LEXIS 8222, at *7 (temporary loss of phone, visiting, and commissary privileges); *Almahdi v. Bourque*, 386 F. App'x 260, 262 (3d Cir. 2010) (temporary loss of telephone privileges); *Perry v. Lackawanna Cnty. Children & Youth Serv.*, 345 F. App'x 723, 726-27 (3d Cir. 2009) (temporary loss of visitation).

Although Parks does allege that "collateral consequences" subjected him to atypical and significant hardships, he provides no facts to identify these consequences, nor does he provide any facts to support a due process claim regarding these consequences. Additionally, "such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (citing *Meachum v. Fano*, 427 U.S. 215, 229 n.8 (1976)).

Finally, to the extent that Parks asserts that the existence of the incident report may affect his chances at parole, that claim is also not cognizable under § 2241, as it should more properly be pursued through a civil rights action. *See Leamer*, 288 F.3d at 542; *see also Woodruff v. Williamson*, No. 3:CV-06-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (where the success of a prisoner's habeas claim would have no effect on the fact or duration of his confinement, a § 1983 civil rights action is proper, not a § 2241 habeas corpus action ) aff'd, 362 F. App'x 263 (3d Cir. 2010) (not precedential).

In sum, the disciplinary sanctions that Parks received do not implicate a liberty interest that is protected by the Due Process Clause. Therefore, we lack subject matter jurisdiction over Parks' § 2241 petition. *See Gonzelez,* 2014 U.S. Dist. LEXIS 8222, at *7.

**IV. Recommendation.**

Because Parks has not presented a claim which is cognizable as a habeas corpus claim, it is recommended that the petition for a writ of habeas corpus be dismissed for lack of subject-matter jurisdiction without prejudice to the petitioner filing a civil rights claim under 42 U.S.C. 1983.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **23rd** day of **June, 2016**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

7